BENJAMIN B. WAGNER
United States Attorney
KELLI L. TAYLOR
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2741
Facsimile: (916) 554-2900

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT HACKETT and DALANEA HACKETT,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendants. | No. 2:09-cv-00240 GEB JFM<br><br>SETTLEMENT STIPULATION; RELEASES; DISMISSAL; ORDER<br><br><br>Complaint Filed:　January 27, 2009<br>Trial Date:　　　　November 9, 2010 |

　　　　It is hereby stipulated by and between Plaintiff Albert Hackett ("Plaintiff") and the United States of America (with plaintiff, "the parties"), as follows:

　　　　1. The parties hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.

　　　　2. The United States agrees to pay the sum of two hundred and sixty-five thousand dollars ($265,000.00) to Plaintiff, which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries; mental, emotional, psychological, or other alleged injuries; damage to property and the consequence thereof, resulting, and to result, from the subject matter of this action, including any claims for wrongful death, which plaintiff or his guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the

1  United States, its agents, servants, and employees.

2      3.  Plaintiff and his guardians, heirs, executors, administrators or assigns hereby agree to
3  accept the sum set forth in paragraph 2 in full settlement and satisfaction of any and all claims,
4  demands, rights, and causes of action of whatsoever kind and nature, including claims for
5  wrongful death, arising from, and by reason of, any and all known and unknown, foreseen and
6  unforeseen bodily and personal injuries, damage to property and the consequences thereof that
7  they may have or hereafter acquire against the United States, its agents, servants, and employees
8  on account of the same subject matter that gave rise to this action, including any future claim or
9  lawsuit of any kind or type whatsoever, whether known or unknown, and whether for
10 compensatory or exemplary damages.  Plaintiff and his guardians, heirs, executors,
11 administrators, or assigns further agree to reimburse, indemnify and hold harmless the United
12 States and its agents, servants and employees from and against any and all causes of action,
13 claims, liens, rights, or subrogated or contribution interests incident to or resulting from the
14 underlying incident, this action, further litigation or the prosecution of claims arising from the
15 subject matter of this action or for debts allegedly owed from this settlement.

16     4.  Plaintiff's undersigned attorney represents that he has explained, and plaintiff warrants
17 and represents that he intends, that this Stipulation shall release all existing and future claims
18 arising directly or indirectly from the acts or omissions that gave rise to the above-captioned
19 action, including claims that are unknown and unforeseen, notwithstanding Section 1542 of the
20 Civil Code of the State of California, which provides as follows:

21        A general release does not extend to claims which the creditor does
22         not know or suspect to exist in his favor at the time of executing
23         [this] Release, which if known by him must have materially affected
24         his settlement with the debtor.

25     5.  This Stipulation is not, is in no way intended to be, and should not be construed as, an
26 admission of liability or fault on the part of the United States or its agents, servants, or
27 employees, and it is specifically denied that they are liable to plaintiffs.  This settlement is
28 entered into by all parties for the purpose of compromising disputed claims under the Federal

Tort Claims Act and avoiding the expenses and risks of further litigation.

6. The parties agree that they will each bear their own costs, fees, and expenses; that any attorney's fees owed by plaintiff will be paid out of the settlement amount and not in addition thereto; and that all outstanding or future bills and liens will be the sole responsibility of plaintiff. Plaintiff expressly represents and warrants that he has been in contact with all lien-holders and kept them appraised of the status of this matter and has negotiated agreements regarding payment. Plaintiff has not provided the United States with the specifics of those negotiated agreements.

7. Payment of the settlement amount will be made by check payable to plaintiff and his attorney, Darrin Mercier at the Law Offices of Darrin Mercier. Plaintiff's attorney agrees to distribute the settlement proceeds, and to obtain a dismissal of the above-captioned action with prejudice, with each party bearing its own fees, costs and expenses. It is understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

8. The parties and their undersigned attorneys agree to execute and deliver such other and further documents as may be required to carry out the terms of this Agreement.

9. Each person signing this Stipulation warrants and represents that he or she possesses full authority to bind the person[s] on whose behalf he or she is signing to the terms of the Stipulation.

10. Each person signing this Stipulation warrants and represents that no promises, inducements, or other agreements not expressly contained herein have been made; that this Stipulation contains the entire agreement between the parties; and that the terms of this Stipulation are contractual and not mere recitals. This Stipulation may not be altered, amended, modified, or otherwise changed in any respect, except by a writing duly executed by the party to be charged. All prior oral understandings, agreements, and writings are superseded by this Stipulation and are of no force or effect. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and

1 signature pages, together, shall be deemed to be one document.

2     11. Each person executing this Stipulation represents that he or she has read and
3 understands its contents; that he or she executes this Stipulation voluntarily; that he or she has
4 not been influenced by any person acting on behalf of any party.

5     12. The above-captioned action is hereby DISMISSED WITH PREJUDICE in its
6 entirety and, upon approval by the Court as provided below, the Clerk of the Court is requested
7 to enter this dismissal and release in the official docket.

8     13. Notwithstanding the entry of a dismissal herein, the parties hereby stipulate that Hon.
9 Garland E. Burrell, Jr., District Judge, shall retain jurisdiction to enforce the terms of this
10 compromised settlement.

                        Respectfully submitted,

                        BENJAMIN B. WAGNER
                        United States Attorney

DATED: February    , 2010
                        KELLI L. TAYLOR
                        Assistant United States Attorney
                        for United States of America

DATED: February  , 2010
                        DARRIN MERCIER
                        Law Offices of Darrin Mercier
                        Attorneys for Plaintiff Albert Hackett

DATED: February    , 2010
                        ALBERT HACKETT
                        Plaintiff

**ORDER**

IT IS SO ORDERED.

Dated: March 18, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge